UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO: 5:11-CV-00627-BR

| | |
|---|---|
| JOSEPH GILREATH, ) | |
| ) | |
| Plaintiff, ) | ORDER |
| ) | |
| v. ) | |
| THE STATE OF NORTH CAROLINA EX ) | |
| REL. THE CUMBERLAND COUNTY ) | |
| BOARD OF EDUCATION, THOMAS ) | |
| HATCH, MICHAEL BAIN, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on defendants' motion to dismiss. Plaintiff, who is represented by counsel, did not file a response to the motion.

Plaintiff is a music/band teacher at Ann Chestnutt Middle School in Cumberland County, North Carolina. (Compl. ¶ 1.) Defendants Thomas Hatch and Michael Bain are the Principal and Assistant Principal, respectively, of Ann Chestnut Middle School. (Id. ¶ 17.) Plaintiff allegedly suffers from one or more impairments which substantially limit one or more major life activities. (Id. ¶ 5.)

In 2008, plaintiff informed Hatch, in Bain's presence, "about two of [his] impairments, for the purpose of requesting a reasonable accommodation in the manner in which Plaintiff could respond and relate in the classroom." (Id. ¶ 10.) Plaintiff provided Hatch with medical verifications of such impairments, which documentation Hatch rejected. (Id. ¶¶ 11-12.) Hatch never responded to plaintiff's request for an accommodation, "except to reduce Plaintiff's written evaluations and place additional duties upon Plaintiff, purportedly to improve

performance." (Id. ¶ 13.)  Beginning in March 2010, Bain, acting in conjunction with Hatch, imposed "action plans" upon plaintiff.  (Id. ¶ 14.)  According to plaintiff, Hatch and Bain's conduct created a hostile work environment and was part of an "effort to retaliate against Plaintiff because of his requests for [reasonable] accommodations, to cause his resignation, and, failing that, to cause his tenure not to be renewed, resulting in his license to teach to be revoked, which would cause Plaintiff's contract not to be renewed."  (Id. ¶ 16.)

On 14 October 2010, plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC").  (Id. ¶ 21.)  On 30 June 2011, the EEOC issued plaintiff a notice of right-to-sue letter.  (Id.)  Plaintiff filed the instant action on 30 September 2011 in Cumberland County Superior Court, alleging that defendants have violated his rights under the Americans with Disabilities Act ("ADA"), 29 U.S.C. § 12101 *et seq*.  Defendants removed the action to this court on 3 November 2011.

First, defendants contend that this action should be dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  This rule allows a defendant to challenge the sufficiency of the allegations in the complaint.  In order to survive a Rule 12(b)(6) motion to dismiss, a complaint "must contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'"  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).  This standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 570).  Although plausibility does not entail probability, the facts

2

in the complaint must establish more than the mere possibility that a defendant acted unlawfully. Id. In considering whether the plaintiff has established a plausible claim for relief, this court is bound to accept the well-pleaded facts of the complaint as true; however, conclusory assertions of law or fact are not entitled to the assumption of truth. Id. at 1949-50; see also Nemet Chevrolet, Ltd. v. Consumeraffairs.com. Inc., 591 F.3d 250, 255 (4th Cir. 2009). In sum, "[w]hile a plaintiff is not charged with pleading facts sufficient to prove her case, as an evidentiary matter, in her complaint, a plaintiff is required to allege facts that support a [plausible] claim for relief." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (emphasis in original).

Defendants initially contend that dismissal is warranted because plaintiff has not alleged the nature of his disability so as to state a claim for discrimination under the ADA. As this court has recognized previously:

> The ADA provides in relevant part:
> No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.
> 
> 42 U.S.C. § 12112(a). Only a "qualified individual with a disability" may bring a civil action under the ADA. That term is further defined as "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). "Disability" is, in turn, defined as:
>> (A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual;
>> (B) a record of such an impairment; or
>> (C) being regarded as having such an impairment.
> Id. at § 12102(2). See King v. Wilmington Transit Co., 976 F.

3

Supp. 356, 358 (E.D.N.C. 1997).

Lamb v. John Umstead Hosp., 19 F. Supp. 2d 498, 511 (E.D.N.C. 1998).[1]  And, this court has held that, to state a claim for relief, "Rule 8(a)(2) requires, at a minimum, that a plaintiff asserting a claim under the ADA identify the nature of her alleged disability." Id. at 512; see also Bomar v. Mayor & City Council of Balt., No. RDB-11-0507, 2011 WL 5150278, at *7 (D. Md. Oct. 27, 2011) (dismissing ADA claim for failure to state a claim upon which relief can be granted where plaintiff failed to identify his alleged disability), aff'd in part and dismissed in part, No. 11-2295, 2012 WL 540752 (4th Cir. Feb. 21, 2012); Lewis v. UPS Freight, No. 3:10CV29-HEH, 2010 WL 1640270, at *3 (E.D. Va. Apr. 22, 2010) (same).

In this case, plaintiff alleges that he "is a person who suffers from one or more impairments within the meaning of the [ADA] which substantially limits one or more major life activities" and that he "is a 'qualified individual' within the meaning of the [ADA]." (Compl. ¶¶ 5, 6.)  Yet, he provides no factual allegations to support these conclusory legal assertions.  The court concludes that plaintiff has failed to state a claim for discrimination under the ADA. Although plaintiff has not moved to amend his complaint, the court will allow him to file an amended complaint to cure this deficiency.  See Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."); Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1108 (9th Cir. 2003) ("[L]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect." (alteration in original) (citation and internal quotation marks omitted)); Lamb, 19 F. Supp. 2d at 512 (allowing the plaintiff "to file an amended

---

[1] The statutory sections from which the court quotes have since been modified by the ADA Amendments Act of 2008, Pub. L. No. 110-325, 122 Stat. 3553 (2008).  Nonetheless, the amendments do not change the court's analysis.

4

complaint to provide the level of specificity required by Rule 8(a)."). Because the court is allowing plaintiff to amend his complaint, defendants' motion to dismiss will be denied without prejudice as to the claim for discrimination under the ADA.

Defendants also contend that to the extent plaintiff asserts a claim for retaliation under the ADA, he has not stated a claim. The ADA's retaliation provision provides, in relevant part, that "[n]o person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter . . . ." 42 U.S.C. § 12203(a). In order to establish a prima facie case of retaliation, a plaintiff must allege (1) that he has engaged in conduct protected by the ADA; (2) that he suffered an adverse action subsequent to engaging in the protected conduct; and (3) that there was a causal link between the protected activity and the adverse action. Freilich v. Upper Chesapeake Health, Inc., 313 F.3d 205, 216 (4th Cir. 2002). Defendants argue that plaintiff has not allegedly suffered an adverse action.

"An action is materially adverse if it was harmful enough to have 'dissuaded a reasonable worker from making or supporting a charge of discrimination.'" Fink v. Richmond, No. DKC 2007-0714, 2009 WL 3216117, at *10 (D. Md. Sept. 29, 2009) (quoting Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006)), aff'd, 405 F. App'x 719 (4th Cir. 2010); see also Williams v. Brunswick Co. Bd. of Educ., 725 F. Supp. 2d 538, 548-49 (E.D.N.C. 2010) (applying Burlington Northern's adverse employment action standard to ADA retaliation claim and collecting cases), aff'd, 440 F. App'x 169 (4th Cir. 2011). Plaintiff has alleged a number of actions defendants took after he allegedly requested a reasonable accommodation, including "reduc[ing] Plaintiff's written evaluations," "plac[ing] additional duties upon Plaintiff," "impos[ing] 'action plans' upon Plaintiff," "providing negative evaluations," and "creating a

5

hostile work environment." (Compl. ¶¶ 13, 14, 16.) At this stage of the proceedings, the court finds that plaintiff has sufficiently alleged actions, when considered collectively, on defendants' part that might have dissuaded a reasonable employee from complaining about discrimination. Therefore, the court will deny defendants' motion to dismiss plaintiff's ADA retaliation claim.

As for any ADA claim against the individual defendants, that is, Hatch and Bain, the court agrees with defendants that plaintiff has failed to state a claim.

> It is well settled under the ADA that only employers can be held liable as the statute specifically provides only for actions against "employers." Jones v. Sternheimer, 387 Fed. Appx. 366 (4th Cir. 2010). The ADA defines an employer as "a person engaged in an industry affecting commerce who has twenty five or more employees and any agent of such person." 42 U.S.C. § 1211(5)(A). The phrase "agent of such person" does, in the context of the ADA, create individual liability, but is
> > an unremarkable expression of respondeat superior— that discriminatory personnel actions taken by an employer's agent may create liability for the employer.
>
> Birkbeck v. Marvel Lighting Corp., 30 F.3d 507, 510 (4th Cir. 1994) (citation omitted).

Fields v. Trollinger, No. 1:10cv296, 2011 WL 3422689, *6 (W.D.N.C. Mar. 28, 2011) (footnote omitted) (memorandum and recommendation), adopted, 2011 WL 3421489 (W.D.N.C. Aug. 4, 2011). Accordingly, the ADA claim against the individual defendants will be dismissed.

The court also agrees with defendants that to the extent plaintiff asserts a claim for employment discrimination by a state department or agency, he has failed to state a claim. In the introductory paragraph of the complaint, plaintiff alleges that this action is filed pursuant to the ADA and certain provisions of North Carolina's State Personnel Act ("Personnel Act"). (Compl. at 1.) The Personnel Act does prohibit employment discrimination based on a "handicapping condition." N.C. Gen. Stat. §§ 126-16, -36. But, it does not apply to "[p]ublic

6

school superintendents, principals, teachers, and other public school employees." N.C. Gen. Stat. § 126-5(c2)(1). Therefore, plaintiff, as a public school teacher, cannot bring a claim under the Personnel Act.

Finally, defendants contend that the defendant identified in the caption as "the State of North Carolina ex rel. the Cumberland County Board of Education" is not a legal entity, and therefore, the Cumberland County Board of Education should be dismissed for lack of jurisdiction, insufficiency of process, and insufficiency of service of process. While plaintiff does not appear to have properly identified the Cumberland County Board of Education in the complaint's caption, the court finds that this defect is not fatal.

The naming of all the parties in the caption of the complaint is required by Federal Rule of Civil Procedure 10(a) and "is not determinative as to who is a party to a suit." Williams v. Brashaw, 459 F.3d 846, 849 (8th Cir. 2006) (citation omitted); see also Marsh v. Butler Cnty., Ala., 268 F.3d 1014, 1024 n.4 (11th Cir. 2001) ("[T]he caption of the complaint is not part of the statement of the claim under Rule 8. The caption is something apart, being mandated by a different rule: Fed. R. Civ. P. 10. The caption is chiefly for the court's administrative convenience."). As one commentator notes,

> Although helpful to the district court, the contents of the caption usually are not considered a part of the pleader's statement of the claim or the response thereto for purposes of applying the pleading rules. Moreover, the caption is not determinative as to the identity of the parties to the action or the district court's personal jurisdiction over the defendant or its subject matter jurisdiction. A very common defect in the caption is a misnomer regarding a party or an erroneous designation of the capacity in which a party is suing or being sued, or the identification of something that is not a legal entity.
> If the body of the complaint correctly identifies the party being sued or if the proper person actually has been served with

7

> the summons and the complaint, federal courts generally will allow
> an amendment under Rule 15 to correct technical defects in the
> caption when that is thought necessary. This corrective action
> seems appropriate inasmuch as a defective caption or even its
> complete absence is merely a formal error and never should be
> viewed as a fatal defect, particularly when it can be remedied early
> in the action. Moreover, allowing the defect to be corrected is
> consistent with the spirit of the federal rules in general and with
> Rule 8(f) [now 8(e)] in particular.

5A Charles A. Wright et al., Federal Practice and Procedure § 1321 (3d ed. 2004) (footnotes omitted).

Examining the body of the complaint, it is evident that the Cumberland County Board of Education is the intended defendant. Plaintiff refers to this defendant as "Cumberland County Board of Education," "Board of Education," and "Board of Education of the County of Cumberland." (Compl. ¶¶ 2, 3, 17.) Despite one reference to the "North Carolina Board of Education,"[2] it is evident that plaintiff is suing his employer, the Cumberland County Board of Education. The court will not dismiss the action as to the Cumberland County Board of Education on this basis. As plaintiff is allowed to amend the complaint to add allegations regarding the nature of his disability, he should also use that opportunity to properly identify the Cumberland County Board of Education in the caption.

In conclusion, plaintiff is ALLOWED to file an amended complaint, as outlined above, within 15 days of the date of this order. Defendants' motion to dismiss is ALLOWED IN PART and DENIED IN PART WITHOUT PREJUDICE. Defendants Hatch and Bain are DISMISSED

---

[2]The entire allegation reads: "The conduct of Defendants Hatch and Bain, acting as, respectively Principal and Assistant Principal of Ann Chesnutt Middle School, was on behalf of the North Carolina Board of Education and the Cumberland County Board of Education and violated directly the American with Disabilities Act, which conduct is directly attributable all [sic] named Defendants, for which they, each of them are [sic] liable in damages." (Compl. ¶ 17.)

from this action. To the extent plaintiff asserts a claim under the North Carolina State Personnel Act, such claim is DISMISSED. The only claims remaining are for discrimination and retaliation under the ADA. Defendant Cumberland County Board of Education may file another motion to dismiss if plaintiff submits an amended complaint or may renew the original motion to dismiss if plaintiff does not file an amended complaint in accordance with this order.

This 10 April 2012.

_____
W. Earl Britt
Senior U.S. District Judge