THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CV-00627-BR

| | |
|---|---|
| JOSEPH GILREATH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CUMBERLAND COUNTY ) | |
| BOARD OF EDUCATION, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This cause comes before the Court upon Defendant's motion to compel initial disclosures (DE-27). Also before the Court is a motion to withdraw (DE-30) filed by Plaintiff's attorney, Larry J. McGlothlin, and Plaintiff's motion for extension of time to retain new counsel (DE-31). Pursuant to 28 U.S.C. § 636(b)(1), these motions have been referred to the undersigned. For the reasons stated herein, the motion to withdraw is DENIED WITHOUT PREJUDICE, the motion for extension of time is GRANTED, and Defendant's motion to compel is DENIED WITHOUT PREJUDICE.

Under the Court's scheduling order in this case, Plaintiff's initial disclosures required by Rule 26(a) of the Federal Rules of Civil Procedure, including computation of damages, were due on or before October 12, 2012. (DE-22, DE-21). Reports from Plaintiff's experts were due December 28, 2012. Plaintiff has not yet served Defendant with his initial disclosures or expert reports, despite Defendant's good faith efforts to avoid

1

court intervention. Defendant requests an award of the expenses incurred in bringing this motion, and contends Plaintiff has now waived his right to introduce any expert reports or testimony. Plaintiff did not respond to the motion to compel.

In the motions to withdraw and for extension of time, Mr. McGlothlin explains that Plaintiff paid him a preliminary retainer in September 2011 with the understanding and expectation that further funds would be paid over the course of representation. The instant action was filed September 30, 2011. On October 17, 2012, Plaintiff was terminated from his position as a middle school teacher in Cumberland County. Mr. McGlothlin is representing Plaintiff in state court on an appeal of his dismissal from the teaching position. Plaintiff has informed Mr. McGlothlin that he cannot afford to pay the remainder of the fee for the federal lawsuit or the appeal in state court. Mr. McGlothlin continues to represent Plaintiff in state court with the hope of eventually recovering a fee, but states that, as a solo practitioner, he cannot afford to fund the costs of the federal lawsuit to its conclusion without being paid. Accordingly, Mr. McGlothlin requests that he be allowed to withdraw, and that this action be stayed for a period of thirty to sixty days to allow Plaintiff time to obtain substitute counsel. Plaintiff is aware of the motion to withdraw and does not oppose it.

Plaintiff's financial difficulties aside, Mr. McGlothlin does not explain why he failed to serve the initial disclosures due on October 12, 2012—before Plaintiff lost his job—or why he allowed the response time for Defendant's motion to compel to lapse before filing his motion to withdraw. The undersigned is moreover reluctant to allow Mr.

2

McGlothlin to withdraw before substitute counsel can be secured. The motion to withdraw (DE-30) is therefore DENIED WITHOUT PREJUDICE at this time. The motion for extension of time to retain new counsel (DE-31) is GRANTED. Plaintiff has until April 8, 2013 to retain new counsel. Mr. McGlothlin may renew his motion to withdraw once Plaintiff obtains substitute counsel, or on April 8, 2013, whichever occurs first. If Plaintiff does not obtain substitute counsel by April 8, 2013, the motion to withdraw will nevertheless be granted and Plaintiff will be deemed pro se in this action. Defendant's motion to compel (DE-27) is DENIED WITHOUT PREJUDICE at this time. Defendant may renew the motion to compel on April 8, 2013, if Plaintiff has not served his initial disclosures and expert reports by that time. Plaintiff is CAUTIONED that, irrespective of his potential pro se status, continued failure to abide by the Federal Rules of Civil Procedure or orders of this Court will subject him to sanctions, up to and including dismissal of this action. *See* Fed. R. Civ. P. 37(b) (providing sanctions for party's failure to comply with a court order, including discovery orders); Ballard v. Carlson, 882 F.2d 93, 96 (4th Cir. 1989) (noting that even pro se litigants are "subject to the time requirements and respect for court orders without which effective judicial administration would be impossible").

DONE AND ORDERED in Chambers in Raleigh, North Carolina on Wednesday, March 6, 2013.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE