UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CV-627-BR

| | | |
|---|---|---|
| JOSEPH GILREATH, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | <u>ORDER</u> |
| | ) | |
| THE CUMBERLAND COUNTY | ) | |
| BOARD OF EDUCATION, | ) | |
|     Defendant. | ) | |

This matter is before the court on defendant's motion to dismiss for failure to comply with the court's discovery orders pursuant to Federal Rule of Civil Procedure 41(b) or, in the alternative, to compel. (DE # 34.)

On 30 September 2011, plaintiff filed the initial complaint in Cumberland County Superior Court. On 3 November 2011, the action was removed to this court. With leave of court, plaintiff subsequently filed an amended complaint. (DE ## 17, 18.) Plaintiff claims that defendant has discriminated and retaliated against him in violation of the Americans with Disabilities Act.

On 20 August 2012, a scheduling order was issued, pursuant to which all initial disclosures were due by 12 October 2012. (DE ## 21, 22.) Despite several requests from defendant, plaintiff failed to serve his initial disclosures, prompting defendant to move to compel the disclosures on 7 February 2013. (DE # 27.) Plaintiff did not file a response to the motion to compel. Rather, on 4 March 2013, counsel for plaintiff moved to withdraw and for an extension of time to enable plaintiff to retain substitute counsel. (DE ## 30, 31.)

On 6 March 2013, U.S. Magistrate Judge William A. Webb denied without prejudice the motion to withdraw and granted the motion for an extension of time to retain substitute counsel. (DE # 33.) The court specified that if plaintiff did not retain substitute counsel by 8 April 2013,

he will be deemed to be proceeding *pro se*. (Id.) Furthermore, the court denied defendant's motion to compel without prejudice, allowing defendant to renew the motion after 8 April 2013. (Id.) Plaintiff was cautioned that irrespective of his potential *pro se* status, he would be subject to sanctions "up to and including dismissal of this action" if he did not abide by court orders or the Federal Rules of Civil Procedure. (Id.) Since that order, no counsel has filed a notice of appearance on behalf of plaintiff, and therefore the court presumes that plaintiff has not retained substitute counsel.

On 9 April 2013, defendant filed the instant motion. Plaintiff still has not served his initial disclosures nor has he responded to defendant's written discovery requests served on plaintiff on 20 February 2013. According to the certificate of service, defendant served the instant motion only on plaintiff's counsel Larry J. McGlothlin. A response to the motion has not been filed. Because dismissal pursuant to Rule 41(b) is a harsh sanction, not to be invoked lightly, Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978), and because some confusion may exist as to whether plaintiff himself was obligated to respond to the instant motion (a motion of which plaintiff may be unaware), the court DENIES the motion to dismiss without prejudice. The court ALLOWS the alternative motion to compel. Larry J. McGlothlin is WITHDRAWN from his representation of plaintiff, and plaintiff is deemed to be proceeding *pro se* from this point forward. The court declines to award defendant its expenses associated with the bringing of this motion.

Because plaintiff is now proceeding *pro se*, the court directs plaintiff's former counsel, Larry J. McGlothlin, to provide plaintiff with copies of this order and defendant's written discovery requests. Mr. McGlothlin is directed to file with the court a certificate of service indicating such performance.

2

Case 5:11-cv-00627-BR   Document 36   Filed 07/10/13   Page 2 of 3

The clerk is directed to mail plaintiff a copy of this order to the address listed on the state court summonses: 2926 Lambrusco Pl., Fayetteville, NC 28306.

**PLAINTIFF IS DIRECTED TO SERVE HIS INITIAL DISCLOSURES IN ACCORDANCE WITH FEDERAL RULE OF CIVIL PROCEDURE 26(A)(1) AND RESPONSES TO DEFENDANT'S WRITTEN DISCOVERY REQUESTS ON DEFENSE COUNSEL WITHIN 30 DAYS OF THE DATE OF THIS ORDER. PLAINTIFF IS WARNED THAT FAILURE TO FULLY AND COMPLETELY COMPLY WITH THIS ORDER AND THE FEDERAL RULES OF CIVIL PROCEDURE MAY RESULT IN DISMISSAL OF THIS CASE AND THE ENTRY OF JUDGMENT AGAINST HIM.**

This action is removed from the trial calendar until further order of the court.

This 10 July 2013.

                                                    W. Earl Britt
                                                    Senior U.S. District Judge