IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-cv-00627

JOSEPH GILREATH,
    Plaintiff,

v.

CUMBERLAND COUNTY BOARD
OF EDUCATION,
    Defendant.

ORDER

      This matter comes before the court on defendant's motion in limine. (DE # 68.) Plaintiff has filed a response, (DE # 78), and this matter is ripe for disposition.

      In defendant's memorandum in support of its motion, (DE # 69), it urges this court to exclude various pieces of evidence that it expects plaintiff to attempt to introduce at trial. Several of the evidentiary issues raised in this motion were previously addressed in this courts order denying defendant's motion for summary judgment and granting in part and denying in part defendant's motion to strike (hereinafter "order"). (DE # 63.)

      First, defendant seeks exclusion of "any references by plaintiff or plaintiff's witnesses to claims, acts, or events or employment status after the filing and resolution of the EEOC charge on which this action is based, which occurred on 30 June 2011." (DE # 69, at 1 (emphasis omitted).) Plaintiff previously argued that such evidence should be considered under the "continuing violation" theory. (DE # 51, at 12-14.) In its previous order, this court ruled that it "may not consider plaintiff's termination or the other acts at issue in the motion to strike . . . because they are unrelated to the scope of the allegations contained in his second EEOC charge . . . ." (DE # 63, at 9.)

Plaintiff now argues that this evidence "is admissible because [plaintiff] has asserted a substantial limitation in his major life activity of working." (DE # 78, at 2.) However, plaintiff has failed to persuade the court that asserting a substantial limitation in the major life activity of working permits the introduction of evidence outside the scope of the relevant EEOC charge. Accordingly, such evidence is inadmissible at trial.

Second, defendant requests exclusion of "any references by plaintiff to acts that fall outside the 180-day limitations period preceding his second EEOC charge — the charge on which this action is based." (DE # 69, at 4 (emphasis omitted).) Plaintiff's second EEOC charge was filed on 4 October 2010. (DE # 52-20). A charge of discrimination must be filed with the EEOC within 180 days after the alleged unlawful employment practice occurred. 42 U.S.C. § 2000e–5(e)(1). Thus, any alleged unlawful retaliation or failure to accommodate by defendant that occurred more than 180 days prior to 4 October 2010 cannot serve as the basis of plaintiff's claims. See Evans v. Techs. Applications & Servs., 80 F.3d 954, 962-63 (4th Cir. 1996) ("The allegations contained in the administrative charge of discrimination generally operate to limit the scope of any subsequent judicial complaint.") Such evidence will be excluded to the extent that it is introduced for this purpose. However, plaintiff may proffer defendant's "prior acts as background evidence in support of [his] timely claim." Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002).

Third, defendant urges the court to exclude "any reference to a purported audio recording of an alleged meeting between plaintiff and Dr. Till on or about September 15, 2010." (DE # 69, at 5 (emphasis omitted).) In this court's prior order, it struck this evidence from the record pursuant to Federal Rule of Civil Procedure 37(c)(1) based on plaintiff's failure to disclose the

2

recording during discovery. (DE # 63, at 5-6). Plaintiff argues that the recording should not be excluded now based on "the vague nature of Defendant's motion for the exclusion of [the recording], the failure by the Defendant to bear the burden of showing the clear inadmissibility of the recording, and the general disfavoring of evidence [sic] via a motion in limine . . . ." (DE # 78, at 6.) The court is convinced that its previous order establishes the clear inadmissibility of the recording at trial.

Fourth, defendant seeks exclusion of "any reference by plaintiff or plaintiff's witnesses to Asperger's Disorder." (DE # 69, at 6 (emphasis omitted).) Plaintiff was diagnosed with Asperger's Disorder in December of 2010. (DE # 53-1.) This court previously declined to consider this diagnosis because it occurred after plaintiff filed his second charge with the EEOC. (DE # 63, at 4 n.3.) Disability is assessed at the time of the alleged unlawful employment action. See Guinup v. Petr-All Petroleum Corp., 786 F. Supp. 2d 501, 508 (N.D.N.Y. 2011) (plaintiff must first demonstrate he "was disabled at the time of the adverse employment action"). Accordingly, evidence of plaintiff's Asperger's Disorder diagnosis is inadmissible at trial.

Fifth, defendant requests that the court exclude any expert testimony from plaintiff's witnesses based on plaintiff's failure to provide written reports as required by Federal Rule of Civil Procedure 26(a)(2)(B). (DE # 69, at 6.) Plaintiff notes that he does not wish to introduce expert testimony from physician witnesses. (DE # 78, at 7.) Rather, he states that such witnesses "will be giving lay witness opinions and not expert opinions." (Id.) Because no expert reports were ever provided, plaintiff's witnesses may only testify as fact witnesses and may provide no expert opinions.

Lastly, defendant seeks exclusion of "any and all evidence of insurance policies" that

may provide coverage if defendant is found liable. (DE # 69, at 7.) Pursuant to Federal Rule of Evidence 411, this evidence will be excluded if introduced to prove that defendant acted wrongfully.

Based on the foregoing, defendant's motion in limine (DE # 68) is GRANTED.

This 29 October 2014.

                                                                  W. Earl Britt
                                                                  Senior U.S. District Judge