IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:11-CV-627-BR

| | |
|---|---|
| JOSEPH GILREATH,<br>Plaintiff,<br><br>v.<br><br>CUMBERLAND COUNTY BOARD OF EDUCATION,<br>Defendant. | <u>ORDER</u> |

This matter comes before the court on movant Katie G. Cornetto's ("Cornetto") motion to quash subpoena. (DE # 89.) Cornetto filed this motion on 31 October 2014, requesting an expedited ruling. (<u>Id.</u> at 3.) Due to the imminency of the date specified for production of documents, which is 1 November 2014, the court required a response by plaintiff Joseph Gilreath ("Gilreath") by 1:00 pm on 31 October 2014. As of that time, Gilreath had not filed a response addressing the particular subpoena at issue. This matter is ripe for disposition.

Cornetto is a staff attorney with the North Carolina State Board of Education. (Cornetto Aff., DE # 89-1, at 1.) According to Cornetto, the subpoena at issue commands her to produce "any and all documents which [she] or the North Carolina Department of Public Instruction has related to any licensure complaints filed by Joseph Gilreath since January 1, 2008 to the present date against Franklin Till, Joseph Locklear, Tonjai Robertson, Michael Bain, and any other people[,]" as well as "e-mails, investigation reports, emails to and from any individuals involved with the investigation, any Cumberland County School employees or their representatives, letters, facsimiles, findings of investigation, and any other documentation."

Cornetto argues that, pursuant to Federal Rule of Civil Procedure 45(d), the court must

quash the subpoena because "[p]laintiff has failed to allow a reasonable time to comply with the subpoena, and has imposed an undue burden on [her]." (DE # 89, at 3.) Fed. R. Civ. P. 45(d)(3)(A) requires a court to quash a subpoena if, among other things, the subpoena "fails to allow a reasonable time to comply" or if it "subjects a person to undue burden." Cornetto states that she received the subpoena at issue in the afternoon on 29 October 2014, a Wednesday, and that it requires her to produce the listed items by 1 November 2014, a Saturday, at 5:00 pm. (DE # 89, at 2.) The subpoena requires her to review a broad category of documents "concerning at least five individuals in the last six years." (Id. at 3.)

Gilreath seeks to require Cornetto to produce a wide array of documents within, at most, three days. The court finds that Gilreath has not allowed Cornetto a reasonable amount of time to comply with the subpoena. See Deakins v. Pack, Civil Action No. 1:10-1396, 2012 WL 626200, at *2 (S.D. W. Va. Feb. 24, 2012) ("The Court finds that four days is not a reasonable amount of time . . . to comply [with a subpoena *duces tecum*].").

The court additionally concludes that the subpoena imposes an undue burden on Cornetto. "Whether a subpoena imposes upon a witness an 'undue burden' depends upon 'such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed. Concord Boat Corp. v. Brunswick Corp., 169 F.R.D. 44, 49 (S.D.N.Y. 1996) (internal citations omitted). Requiring Cornetto to produce the expansive breadth of documents requested in the time frame set forth would impose an undue burden on her. Additionally, the fact that Gilreath seeks to require Cornetto to produce documents of a state agency on a Saturday increases the burden imposed.

2

For the foregoing reasons, movant Katie G. Cornetto's motion to quash (DE # 89) is GRANTED.

This 31 October 2014.

                                                W. Earl Britt
                                                Senior U.S. District Judge