IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-cv-00627

| | |
|---|---|
| JOSEPH GILREATH,<br>   Plaintiff,<br><br>v.<br><br>CUMBERLAND COUNTY BOARD<br>OF EDUCATION,<br>   Defendant. | ORDER |

This matter comes before the court on movant GLE Investments, Inc. d/b/a Edwards Music Company's ("Edwards Music") motion for attorney's fees. (DE # 92.) Plaintiff's counsel has responded to the motion. (DE # 115.)

## I. BACKGROUND

This case was tried by a jury and concluded on 7 November 2014. Leading up to trial, plaintiff's counsel served several last-minute subpoenas to appear to testify and produce documents, two of which were directed to Edwards Music and its employee John Hudson. (DE # 92, at 1-2.) One subpoena directed Edwards Music to produce a wide range of documents and another directed John Hudson to appear and testify at trial. (Id.) On 31 October 2014, Edwards Music Company filed a motion to quash both subpoenas, which included a request for sanctions in the form of attorney's fees. (DE # 92, at 2-3.) In an order issued the same day, this court quashed the subpoena to produce documents and ordered a hearing on the subpoena to appear and testify.

At the hearing, in which the motion to quash the subpoena to appear and testify was denied, Edwards Music's counsel raised the issue of attorney's fees, to the extent the request

related to the quashed subpoena to produce documents. Plaintiff's counsel had previously responded to the motion, (DE # 98), but requested additional time to respond to the issue of attorney's fees, which the court afforded him. Plaintiff's counsel filed his response on 18 November 2014. (DE # 115.)

## II. DISCUSSION

"Rule 45(d)(1) [of the Federal Rules of Civil Procedure] mandates a court to impose 'an appropriate sanction — which may include lost earnings and attorney's fees — on a party or attorney who fails to comply' with the rule's mandate that an issuing party 'must take reasonable steps to avoid imposing an undue burden or expense on a person subject to the subpoena.'" Bell Inc. v. GE Lighting, LLC, No. 6:14-CV-00012, 2014 WL 1630754, at *8 (W.D. Va. Apr. 23, 2014) (quoting Fed. R. Civ. P. 45(d)(1)).

On 31 October 2014, this court, pursuant to Fed. R. Civ. P. 45(d)(3)(A), quashed plaintiff's subpoena to produce documents for failing to allow Edwards Music a reasonable amount of time to comply and for imposing an undue burden. There is no evidence before the court that indicates that plaintiff's counsel took any steps to avoid imposing an undue burden on Edwards Music, as required by Rule 45. The subpoena to produce documents was served on Edwards Music three days prior to the trial's commencement and required production of every document related to the company's business relationship with defendant within the last six years. (DE # 92, at 9.) The company's president estimated that such documents numbered in the "hundreds to thousands." (Edwards Aff., DE # 92, at 14.) Plaintiff's counsel never sought these documents during discovery. (DE # 92, at 9.) Additionally, Edwards Music's counsel contacted plaintiff's counsel upon receiving the subpoenas in order to discuss the extraordinary burden that

2

producing the documents would impose. (Id. at 2.) Plaintiff's counsel did not withdraw the subpoena. (Id.) Based on these facts, which plaintiff's attorney does not dispute, the court concludes that an award of reasonable attorney's fees is the appropriate sanction.

The court agrees with plaintiff's counsel that attorney's fees should not be awarded in relation to the portion of the motion to quash that the court denied. (DE # 115, at 1.) Therefore, the court will award no fees related to Edwards Music's counsel's appearance in court or the preparation of the motion to quash as it relates to the subpoena to appear and testify. However, while plaintiff's counsel states that he "believes that no attorney fees were incurred on behalf of Edwards Music Company [] after the filing of the motion to quash subpoenas," (DE # 115, at 2), this disregards fees that were likely incurred in the preparation of the motion as it related to the subpoena to produce documents. Accordingly, Edwards Music's motion for attorney's fees will be granted to the extent that such fees were incurred in relation to the subpoena to produce documents.

### III.  CONCLUSION

Based on the foregoing, Edwards Music's motion for attorney's fees is GRANTED. Edwards Music is DIRECTED within 20 days to file with the court a memorandum (with appropriate supporting documentation) setting forth the reasonable attorney's fees it incurred in relation to the subpoena to produce documents. Plaintiff's counsel may then file any response within 20 days of Edwards Music's filing.

This 19 November 2014.

_____
W. Earl Britt
Senior U.S. District Judge