IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CV-627-BR

| | |
|---|---|
| JOSEPH GILREATH,<br>　　　　Plaintiff,<br><br>　　v.<br><br>CUMBERLAND COUNTY BOARD<br>OF EDUCATION,<br>　　　　Defendant. | ORDER |

This matter comes before the court on plaintiff Joseph Gilreath's ("plaintiff") "motion for relief from a judgment or order, motion for injunction or restraining order, renewed motion for directed verdict, renewed motion for judgment as a matter of law, and motion requesting new trial." (DE # 117.) Defendant Cumberland County Board of Education ("defendant") filed a response, (DE # 120), to which plaintiff filed a reply, (DE # 121). Plaintiff subsequently filed an affidavit correcting a mistake he made in a prior affidavit attached to his reply. (DE # 123.)

## I. BACKGROUND

Plaintiff began his employment as a band director at Anne Chesnutt Middle School in Fayetteville, North Carolina in 1993. He suffers from ADHD and hypertension which allegedly affect his short-term memory and his ability to manage multiple tasks and activities at the same time. On 4 November 2011, plaintiff filed this action against defendant, alleging violations of the Americans with Disabilities Act ("ADA"). This case proceeded to jury trial on 3 November 2014. At trial, plaintiff asserted two claims under the ADA: (1) failure to accommodate and (2) retaliation. At the close of plaintiff's evidence, defendant moved for judgment as a matter of

law on both claims, and the court granted the motion as to the failure to accommodate claim. At the close of all evidence, both parties moved for judgment as a matter of law on the retaliation claim. The court subsequently denied both motions and submitted the claim to the jury, which returned a verdict in favor of defendant. (DE # 109.)

Now before the court is plaintiff's omnibus motion seeking to challenge the jury verdict. Pursuant to Federal Rule of Civil Procedure 50(b), plaintiff renews his motion for judgment as a matter of law on his failure to accommodate and retaliation claims.[1] (DE # 117, at 1.) Plaintiff also moves, under Rule 60(b), for relief from the judgment on both claims. (Id.) In the event the court denies his motions, plaintiff moves for a new trial on both claims pursuant to Rule 59. (Id.) If the court grants a new trial, plaintiff requests, pursuant to Rule 65, "an injunction or restraining order . . . that would prevent witnesses Thomas Hatch and/or Michael Bain from testifying at the new trial due to perjury and/or fraud." (Id.) The court will address each of plaintiff's motions in turn.

## II. DISCUSSION

### A. Plaintiff's renewed motions for judgment as a matter of law

Pursuant to Rule 50(b) of the Federal Rules of Civil Procedure, plaintiff renews his Rule 50(a) motion for judgment as a matter of law on his retaliation and failure to accommodate claims. Although plaintiff has filed a Rule 50(b) motion as to both claims, the court notes that plaintiff never moved under Rule 50(a) for judgment as a matter of law on his failure to accommodate claim, as that claim was dismissed when the court partially granted defendant's motion for judgment as a matter of law. Generally, a plaintiff cannot renew a Rule 50 motion

---

[1] Although the parties refer to Rule 50 motions as motions for "directed verdict," the court, consistent with the language of Rule 50, will refer to such motions as motions for "judgment as a matter of law."

2

that was never made.  See Singer v. Dungan, 45 F.3d 823, 828 (4th Cir. 1995) (noting that, although subject to some exceptions, "the general rule [is] that a Rule 50(a) motion at the close of all evidence is required to raise a Rule 50(b) motion").  Accordingly, to the extent plaintiff's 50(b) motion relates to his failure to accommodate claim, it will be denied.

A court should not grant a Rule 50(b) motion unless, "without weighing the evidence or considering the credibility of the witnesses, [the court determines] that substantial evidence does not support the jury's findings."  Konkel v. Bob Evans Farms Inc., 165 F.3d 275, 279 (4th Cir. 1999) (internal citation omitted).  In ruling on the motion, the court will view the evidence in the light most favorable to the non-moving party.  Dennis v. Columbia Colleton Med. Ctr., 290 F.3d 639, 645 (4th Cir. 2002).  The court will only grant the motion if no reasonable juror could have found for defendant.  Id.

In support of his motion, plaintiff contends that Thomas Hatch ("Hatch") and Michael Bain ("Bain"), both administrators at Anne Chesnutt Middle School during the time frame at issue, gave false testimony at trial.  (DE # 117, at 5-14.)  Plaintiff points to several alleged inconsistent statements made by Hatch and Bain at trial and argues that the jury should not have credited their testimony.  (Id. at 5-9.)  He contends that, in light of "possible perjury calling the defense witnesses' credibility into question, . . . no reasonable juror would conclude that the defendant offered a legitimate, non-discriminatory reason for adverse employment actions taken against the Plaintiff."  (Id. at 11.)[2]

---

[2] Plaintiff also argues that the "clean hands" doctrine entitles him to judgment as a matter of law, reasoning that the alleged perjury of Hatch and Bain renders their hands unclean.  (Id. at 12.)  The "clean hands" doctrine, however, is used to bar the claim of a party who comes to court with "unclean hands."  See McGovern v. Deutsche Post Global Mail, Ltd., No. CIV. JFM-04-0060, 2004 WL 1764088, at *10 (D. Md. Aug. 4, 2004) ("This doctrine prohibits the court from granting relief to anyone who has engaged in inequitable, bad faith conduct").  As it is plaintiff who brought the instant claims and is now seeking relief from the court, the "clean hands" doctrine has no application to

3

Plaintiff's entire argument in favor of his Rule 50(b) motion is based on the alleged perjury of witnesses Hatch and Bain. However, as noted above, the court may not consider the credibility of witnesses in ruling on a Rule 50(b) motion. See Konkel, 165 F.3d at 279. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). At trial, plaintiff's counsel vigorously cross-examined both Hatch and Bain, and the jurors remained attentive and had ample opportunity to form their opinions of the witnesses' credibility. Further, the court instructed the jury regarding witness credibility and inconsistent testimony. Without weighing the evidence or considering the credibility of Hatch and Bain, the court finds that a reasonable juror could conclude that defendant did not retaliate against plaintiff within the meaning of the ADA. At trial, Hatch and Bain provided several reasons, which a reasonable juror could have credited, for giving plaintiff below standard ratings on his teacher evaluations. Accordingly, plaintiff's Rule 50(b) motion will be denied.

**B. Plaintiff's motion for relief from the judgment**

Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, plaintiff moves for relief from the judgment on both the failure to accommodate and retaliation claims. (DE # 117, at 1). This rule allows the court to relieve a party from a final judgment in the following limited circumstances:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

---

any of plaintiff's motions.

> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). This rule "is only to be invoked upon a showing of exceptional circumstances." Compton v. Alton S.S. Co., Inc., 608 F.2d 96, 102 (4th Cir. 1979).

Plaintiff contends that the alleged false testimony of Hatch and Bain amounts to fraud under Rule 60(b)(3) and entitles him to relief from the jury verdict on his retaliation claim. (DE # 117, at 11, 15.) To succeed on a Rule 60(b)(3) motion, the movant must "demonstrate the existence of a meritorious claim . . . [and] must also prove the misconduct complained of by clear and convincing evidence and demonstrate that such misconduct prevented him from fully and fairly presenting his claim or defense." Square Const. Co. v. Washington Metro. Area Transit Auth., 657 F.2d 68, 71 (4th Cir. 1981).

The court finds that plaintiff has failed to meet his burden under Rule 60(b)(3). As defendant argues, plaintiff has not proved by clear and convincing evidence that Hatch and Bain presented false testimony at trial. Both witnesses were subject to plaintiff's extensive cross-examination regarding their alleged false statements, and both provided credible explanations of any perceived inconsistency between their past statements and their testimony at trial. Further, even assuming that Hatch and Bain gave perjured testimony, plaintiff has failed to demonstrate that such misconduct prevented him from fairly presenting his case. Plaintiff has not sufficiently established that the alleged perjured testimony was in any way material to the jury's verdict in favor of the defendant. Thus, his 60(b)(3) motion will be denied.

5

Plaintiff further argues that Rule 60(b)(1) entitles him to relief from the judgment as a matter of law in favor of defendant on his failure to accommodate claim, based on "the mistake, inadvertence, surprise, or excusable neglect of [his] previous counsel." (Id. at 18.) Relief from the judgment due to excusable neglect under Rule 60(b)(1) is available only upon a showing that the movant "was not at fault and that the nonmoving party will not be prejudiced." Home Port Rentals, Inc. v. Ruben, 957 F.2d 126, 132 (4th Cir. 1992). Plaintiff alleges that his counsel who represented him in the early stages of the case failed to provide him with certain discovery material that defendant produced and failed to include plaintiff's hostile work environment claim in his amended complaint. (Id. at 16-17.) He contends that inclusion of this claim would likely have allowed for the introduction of additional evidence, which would have, in turn, supported the claims he presented at trial. (Id. at 18.)

The court concludes that plaintiff has failed to make the required showing under Rule 60(b)(1). "[A] lawyer's ignorance or carelessness do not present cognizable grounds for relief under 60(b)." Evans v. United Life & Accident Ins. Co., 871 F.2d 466, 472 (4th Cir. 1989) (citing Universal Film Exchs., Inc. v. Lust, 479 F.2d 573, 576-77 (4th Cir. 1973)). Plaintiff's complaints regarding his original counsel's carelessness are insufficient to invoke the extraordinary remedy of Rule 60. The court also finds that granting plaintiff's motion would prejudice defendant. It appears that defendant provided plaintiff's new counsel with the discovery material that plaintiff alleges his prior counsel failed to provide him upon terminating representation. (DE # 117-11, at 6 (defendant's response to plaintiff's request for production of his personnel file indicating that updated personnel file was provided to plaintiff's new counsel).) Additionally, as defendant argues, plaintiff's new counsel had ample opportunity to seek leave of the court to amend the

6

complaint in order to add a hostile work environment claim. Under these circumstances, granting plaintiff's motion based on the alleged carelessness of his prior counsel would be unfair and prejudicial to defendant. Accordingly, plaintiff's Rule 60(b)(1) motion will be denied.

Lastly, plaintiff argues that the fact that he proceeded *pro se* "during [a] significant portion of [the] discovery period," and because "the discovery deadline was insufficient to facilitate collection and trading of evidence due to transition of new counsel," he is entitled to relief from the judgment. (DE # 117, at 15.) Rule 60(b)(6) is a catchall provision that permits the court to grant relief from the judgment for "any other reason that justifies relief." A court may grant a 60(b)(6) motion if "such action is appropriate to accomplish justice" and in the face of extraordinary circumstances. Dowell v. State Farm Fire & Cas. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993) (internal quotation and citation omitted). The court concludes that plaintiff's complaints regarding the discovery process do not present such extraordinary circumstances as to justify relief under 60(b)(6).

**C.  Plaintiff's motion for a new trial**

Plaintiff requests a new trial on both his retaliation and failure to accommodate claims pursuant to Rule 59, (DE # 117, at 1), which permits a court to grant a new trial "after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court," Fed. R. Civ. P. 59(a)(1)(A). Plaintiff contends that the alleged false testimony of Hatch and Bain entitles him to a new trial. (Id. at 9.)

In determining whether to grant a new trial based on perjury, the court "may weigh the evidence and consider the credibility of the witnesses." Wyatt v. Interstate & Ocean Transp. Co., 623 F.2d 888, 891 (4th Cir. 1980). A court should grant a new trial where: (1) the court is

7

reasonably well satisfied that the testimony given by a material witness is false; (2) that without it, a jury might have reached a different conclusion; and (3) that the party seeking a new trial was taken by surprise when the false testimony was given and was unable to meet it or did not know of its falsity until after trial.   See Johnson v. Verisign, Inc., No. Civ.A.01-765-A, 2002 WL 1887527, at *12 (E.D. Va. Aug. 15, 2002).

As noted above, the court is not "reasonably well satisfied" that Hatch and Bain presented false testimony at trial.   They both provided credible explanations of any perceived inconsistency between their past statements and their testimony at trial.   Further, the court cannot conclude that without the alleged false testimony, the jury would have found in favor of plaintiff on either the retaliation or the failure to accommodate claim.   The alleged false testimony, in great part, concerned only inconsequential details that would likely have had no material effect on the jury's verdict.   Lastly, the alleged false testimony did not take plaintiff by surprise, and he was able to adequately confront it at trial.   His counsel tirelessly cross-examined Hatch and Bain on the alleged inconsistent statements.   Accordingly, plaintiff's motion for a new trial based on the alleged perjured testimony of Hatch and Bain will be denied.

In further support of a new trial, plaintiff maintains that he was unfairly surprised at trial. (Id. at 19.)   Plaintiff states that at trial the court mistakenly assumed that plaintiff had rested his case when, in fact, he had more evidence to present.   (Id.)   In an abundance of caution, the court re-opened evidence and allowed plaintiff to continue with his case-in-chief, although plaintiff's final witness was not present to testify.   Plaintiff then rested his case.

"[S]urprise does not warrant a new trial unless it deprives the party of a fair hearing." Twigg v. Norton Co., 894 F.2d 672, 675 (4th Cir. 1990).   The movant must prove he was

8

reasonably and genuinely surprised, and that such surprise "resulted in actual prejudice." Id. Even assuming that plaintiff was reasonably and genuinely surprised when the court found that he had rested his case, plaintiff suffered no actual prejudice.

Plaintiff also argues that his past teacher evaluations which defendant presented at trial, as well as the time limit the court placed on plaintiff's rebuttal testimony, amounted to unfair surprise which entitles him to a new trial. (Id. at 20.) The court finds that plaintiff was not reasonably surprised by the defendant's introduction of evidence pertaining to plaintiff's past teacher evaluations. As noted above, it appears that defendant provided plaintiff with his complete personnel file prior to trial, and, thus, plaintiff could not have been reasonably surprised by the introduction of such evidence at trial.[3] Even assuming such surprise was reasonable, plaintiff has not proved that it resulted in an unfair trial. Lastly, the court concludes that the time restriction placed on plaintiff's rebuttal testimony was not unfair. Pursuant to Rule 611(a) of the Federal Rules of Evidence, the court has discretion to "exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to . . . avoid wasting time." Considering the wide latitude the court afforded plaintiff in presenting evidence throughout trial, the time limit placed on plaintiff's rebuttal testimony was well within the court's discretion and did not result in a reasonable surprise or actual prejudice. Accordingly, plaintiff's motion for a new trial based on unfair surprise will be denied.

### III. CONCLUSION

Based on the foregoing, plaintiff's motion for relief from a judgment or order, renewed motions, and motion requesting new trial, (DE # 117), are DENIED. To the extent plaintiff

---

[3] Plaintiff argues that his own counsel never provided him with the personnel file. However, because lawyers are agents of their clients, the court's conclusion does not depend on whether defendant provided the personnel file to plaintiff's counsel or to plaintiff himself.

9

moves for an injunction or restraining order precluding Hatch and Bain from testifying at a new trial, it is DENIED AS MOOT.

This 27 January 2015.

                                                                   W. Earl Britt
                                                                  Senior U.S. District Judge